IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHARLES HAMBY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 4:15-cv-149 |
| **CONN APPLIANCES, INC.,** | § § | |
| Defendant. | § § | |

### ORIGINAL ANSWER OF DEFENDANT CONN APPLIANCES, INC.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Conn Appliances, Inc. ("Defendant") files this Original Answer to Plaintiff's Complaint (the "Complaint") filed by Charles Hamby ("Plaintiff") and states as follows:

### I.
### NATURE OF THE ACTION

1.  Defendant admits that Plaintiff asserts a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et esq*. Defendant denies that it violated the statute referenced and/or that Plaintiff is entitled to the recovery sought as alleged in Paragraph 1 of Plaintiff's Complaint.

### II.
### JURISDICTION

2.  Defendant denies this Court has proper jurisdiction as alleged in Paragraph 2 because Plaintiff's contract with Defendant contains a binding arbitration clause. Defendant admits it conducts business in the Southern District of Texas, and that venue for arbitration may be proper in the area, but denies the remaining allegations in Paragraph 2 of the Complaint.

## III.
## PARTIES

3. Defendant admits Plaintiff is an individual, but lacks sufficient information at this time to form a belief regarding the remaining allegations contained in Paragraph 3 of the Complaint and therefore, denies the remaining allegations.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## V.
## FACTUAL ALLEGATIONS

5. Defendant admits that it called Plaintiff at 832-xxx-4156 which he listed as his home number using a telephone system that has the capacity to store telephone numbers that are input daily through human intervention. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant lacks sufficient information at this time to form a belief regarding the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## VI.
## COUNT I
## 47 U.S.C. 227

9. Paragraph 9 of the Complaint repeats and re-alleges all previous factual allegations in the preceding 8 paragraphs and such allegations have been addressed previously. To the extent a response is required to Paragraph 9, Defendant repeats and re-asserts all responses to Paragraphs 1-8 of the Complaint.

10. Defendant admits that it uses a telephone system that has the capacity to store telephone numbers that are input daily through human intervention, but Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient information at this time to form a belief regarding the allegations contained in Paragraph 13 of the Complaint and therefore, denies the allegations.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## X.
## PRAYER FOR RELIEF

18. Defendant denies that Plaintiff is entitled to the relief requested.

## IX.
## DEMAND FOR JURY TRIAL

19. Defendant admits that Plaintiff has requested a trial by jury, but denies that Plaintiff is entitled to one because he agreed to binding arbitration in his contract with Defendant.

## XI.
## SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

20. Plaintiff's claims are subject to a binding arbitration agreement.

21. Plaintiff caused or contributed to the actions about which he now complains.

22. Plaintiff has unclean hands.

23. Plaintiff gave prior express consent to the actions of which he now complains and never revoked that consent.

24. Defendant's actions were at all times legitimate and lawful.

25. Defendant denies Plaintiff has sustained damages because of any unlawful act of

Defendant, and/or that Plaintiff is entitled to the relief sought.

26. Plaintiff failed to mitigate his damages, if any.

27. Defendant complied with any and all purported obligations under the Telephone Consumer Protection Act.

28. Defendant was justified and acted reasonably in trying to collect a debt owed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that the instant claim be dismissed, that Plaintiff recovers nothing, that costs and attorney's fees are assessed against Plaintiff, and for such other and further relief to which it is entitled to receive.

Dated: February 17, 2015

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Michael A. Harvey*
    **Michael A. Harvey**
    State Bar No. 24058352
    Federal ID No. 917759
    Pennzoil Place
    700 Milam Street, Suite 2700
    Houston, Texas 77002
    Telephone:  (713) 222-4068
    Fax:  (713) 222-5868
    mharvey@munsch.com

    **ATTORNEY FOR DEFENDANT**
    **CONN APPLIANCES, INC.**

OF COUNSEL:

**Christina M. Putman**
SBN: 24013361
FIN: 24426
In House Counsel
Conn's, Inc.
4055 Technology Forest Blvd.
Suite 210
The Woodlands, Texas  77381
Telephone: (936) 230-5882
Telecopier: (855) 593-8149
christina.putman@conns.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, a true and correct copy of Defendant Conn Appliances, Inc.'s Original Answer was electronically filed with the Clerk for the Southern District of Texas via CM/ECF system.

 Jenny DeFrancisco, Esq.
 Lemberg Law LLC
 1100 Summer Street, 3rd Floor
 Stamford, CT 06905
 *Attorney for Plaintiff*

                                        */s/ Michael A. Harvey*
                                        Michael A. Harvey